**UNITED STATES of America,**
**Appellant,**

v.

**Eid HAMMAD, a/k/a Eddie Hammad,**
**and Taiseer Hammad,**
**Defendants–Appellees.**

**No. 882, Docket 87–1513.**

United States Court of Appeals,
Second Circuit.

Argued March 24, 1988.

Decided May 12, 1988.

On Rehearing Aug. 24, 1988.

ORDER ON PETITION FOR
REHEARING

Petition for rehearing in *United States v. Hammad,* 846 F.2d 854 (2d Cir.1988) (Kaufman, Cardamone and Pierce, *Circuit Judges* ).

DENIED

Before KAUFMAN, CARDAMONE and PIERCE, Circuit Judges.

IRVING R. KAUFMAN, Circuit Judge:

The panel's unanimous opinion, filed May 12, 1988, addressed the concerns raised by

the government's petition for rehearing. While we do not customarily set forth reasons for denial of a petition for rehearing, because the briefs submitted by petitioners and *amici curiae* evince some confusion as to the thrust of our opinion in *Hammad*, we provide the following clarification.

As we stated in our opinion, DR 7–104(A)(1) " 'would not require that government investigatory agencies refrain from all use of informants to gather information.' " *United States v. Hammad*, 846 F.2d 854, 860 (2d Cir.1988) (quoting *United States v. Jamil*, 707 F.2d 638, 645 (2d Cir. 1983)). To the contrary, the opinion expressly assures a prosecutor's ability to utilize informants to gather facts for law enforcement purposes—subject to ethical and legal restrictions. Thus, when a prosecutor "authorized by law" employs legitimate investigative techniques and conducts his inquiry in accordance with DR 7–104(A)(1), the use of an informant to gather information will be protected.

The concerns raised in the government's petition for rehearing were appropriately weighed in *Hammad*. It follows that there is no reason to alter the text of the opinion to cover hypothetical cases *in futuro*. Accordingly, the government's petition for rehearing should be denied.