**UNITED STATES of America, Plaintiff,**

v.

**Eid HAMMAD, et al., Defendants.**

**No. CR–87–232.**

United States District Court,
E.D. New York.

March 31, 1989.

Charles Gerber, Asst. U.S. Atty., Brooklyn, N.Y., for plaintiff.

Harvey L. Greenberg, New York City, for Eid Hammad.

Robert Hill Schwartz, New York City, for Taiseer Hammad.

James Evans Siff, New York City, for Abdel Hammad.

### MEMORANDUM AND ORDER

GLASSER, District Judge:

The defendants have moved this court for an order that would dismiss the indictment pursuant to 18 U.S.C. § 3162(a)(2) contending that the Speedy Trial Act has been violated and for an order pursuant to Rule 7(f), Fed.R.Crim.P., directing the Government to provide them with a bill of particulars.

This prosecution has given rise to uncommonly numerous and protracted pretrial proceedings and to more than the number of judicial opinions usually spawned by a criminal case not otherwise distinctive in

the charges contained in the indictment.[1] This prosecution has also given rise to the most acrimonious relationship and exchanges, both written and oral, between opposing counsel that this court has ever experienced and which it regrets and deplores.

## FACTS

The defendants first appeared before this court on May 13, 1987 and entered pleas of not guilty. Pursuant to 18 U.S.C. § 3161(c)(1), the trial was to commence within seventy days thereafter.[2] At that time, the court fixed July 6, 1987 for jury selection and trial.

On May 20, 1987 an application was made for the release on bail of the defendant Taiseer Hammad who had been detained and a hearing on that issue was continued until May 26, 1987 when that defendant, Taiseer Hammad, was released on bail. Up to the date of May 20, 1987, six (6) days of includable time expired. The time between May 20, 1987 and May 26, 1987 during which the bail proceeding was pending is excludable in accordance with 18 U.S.C. § 3161(h)(1) which explicitly provides for the exclusion of "[a]ny period of delay resulting from other proceedings concerning the defendant...." The excludable delay attributable to the bail application on behalf of Taiseer Hammad would be applicable to his co-defendants pursuant to 18 U.S.C. § 3161(h)(7).

On May 20, 1987, the then counsel to Taiseer Hammad, George Weinbaum, Esq., informed the court that he would have a problem in representing that defendant, and that he would withdraw as counsel and make sure that another attorney was retained by Taiseer Hammad. New counsel, Robert Schwartz, Esq., filed his notice of appearance on behalf of that defendant on June 18, 1987 when the case was calendared for a status conference. Although no formal order of excludable delay for the period from May 20, 1987 to June 18, 1987 was explicitly entered, a continuance for time to obtain counsel was granted by clear implication and the court will exclude the period from May 26, 1987 to June 18, 1987 pursuant to 18 U.S.C. § 3161(h)(8)(B)(iv).

On June 18, 1987, all defendants made application for an adjournment of the trial date until September 21, 1987. That application was granted and an order of excludable delay was duly made pursuant to 18 U.S.C. § 3161(h)(8)(A). In the interim, on August 5, 1987, a motion to dismiss was filed and upon request of counsel, argument of that motion was scheduled for September 2, 1987 and upon request of court, further argument was heard on September 19, 1987. On September 21, 1987, the court granted the defendant's motion in part, reading its decision into the record. That decision was subsequently filed on September 23, 1987.

When the court orally announced its decision on September 21, 1987, the Assistant United States Attorney advised the court that an interlocutory appeal would be filed after he conferred with his superiors. The court then entered an order of excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(E). That subdivision provides for excluding from the computation of speedy trial time "delay resulting from any interlocutory appeal." That order was made without demur from counsel although the reference to the authority justifying the order was inadvertently errone-

---

1. 678 F.Supp. 397 (E.D.N.Y.1987), *reconsideration denied*, 1987 WL 25873, 1987 U.S.Dist. Lexis 12791 (E.D.N.Y.1987), *rev'd*, 846 F.2d 854 (2d Cir.1988); *rehearing denied*, 855 F.2d 36 (2d Cir.1988); *corrected*, 858 F.2d 834 (2d Cir.1988).

2. 18 U.S.C. § 3161(c)(1) provides:
   In any case in which a plea of not guilty is entered, the trial of a defendant charged in an ... indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the ... indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.
   "In calculating includable time, both the date on which an event occurs or a motion is filed and the date on which the court disposes of a motion are excluded.... The date of indictment and the date of arraignment are excluded." *United States v. Yunis,* 723 F.2d 795, 797 (11th Cir.1984). Includable time thus commenced on May 14, 1987.

ous in that a period of excludable delay under that subdivision is self-executing, does not require an order of the court, and is triggered by the filing of the notice of appeal. *See* Committee on the Administration of the Criminal Law of the Judicial Conference of the United States, Guidelines to the Administration of the Speedy Trial Act of 1974, as Amended; *United States v. Crooks,* 804 F.2d 1441, 1445 (9th Cir.1986). Had the reference been to § 3161(h)(8)(A) with a statement of the findings that subdivision required, which would clearly have been appropriate at the time, or had a reference been made to § 3161(h)(8)(B)(iv) (giving the Government reasonable time for effective preparation), any doubt regarding excludable delay would have been allayed.

The Government did not file its notice of interlocutory appeal on September 21, 1987 or immediately thereafter. On September 29, 1987, it filed instead, a notice of motion for reconsideration of the court's decision of September 21st. That motion was denied on November 16, 1987. The Government then filed its notice of interlocutory appeal on December 1, 1987. The question presented at this juncture is whether the period from September 21–29, a period of seven (7) days, as well as the period from November 16 to December 1, 1987, a period of fifteen (15) days—or a period of twenty-two (22) days in all, should be excluded.

## DISCUSSION

Upon the oral argument of the motion to dismiss upon speedy trial grounds, the defendants candidly conceded that they have suffered no prejudice by the protracted proceedings thus far. The Government has been understandably misled by its good faith reliance upon the court's inadvertent if not erroneous reference to § 3161(h)(1)(E) in providing for excludable delay. *See Chipser v. Kohlmeyer & Co.,* 600 F.2d 1061, 1063 (5th Cir.1979); *United States v. Jones,* 608 F.2d 386, 390 (9th Cir.1979) ("It would be highly unfair to the government, which is itself entitled to a fair trial in a criminal case, ... to deprive it of both appeal and reconsideration of the order merely because it followed the district court's suggestion about which avenue to pursue."). To include the computation of those twenty-two (22) days in determining compliance with the Speedy Trial Act would unjustly penalize the prosecutor because the court blundered and would transform the Act from a shield to the proverbial sword. The court will, for those reasons, exclude that time in arriving at its calculation. Thus far, the court deems six days to have expired on the speedy trial clock.[3]

As has been indicated in the first footnote, the Court of Appeals for the Second Circuit issued three opinions on the issues

---

**3.** It is significant to note that pursuant to Rule 4(b) of the Rules of Appellate Procedure, "When an appeal by the government is authorized by statute, the notice of appeal shall be filed in the district court within 30 days after the entry of the judgment or order appealed from." The interlocutory appeal by the government was authorized by statute, 18 U.S.C. § 3731. The notice of appeal was filed by the government within 22 days (excluding the time during which the motion for reconsideration was pending) after the entry of the judgment appealed from. Only 14 days elapsed, calculating from the denial of the motion to reconsider on November 16 to the filing of the notice of appeal on December 1.

Rule 4(b) also provides that "[u]pon a showing of excusable neglect the district court may before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision."

Research has not revealed a case in which 18 U.S.C. § 3161(h)(1)(E) has been construed together with Rule 4(b) of the Rules of Appellate Procedure. Even a most sensitive regard for Sixth Amendment and Speedy Trial Act considerations suggest that they should be.

The granting in Rule 4(b) of a relatively brief period within which to file a notice of appeal serves the salutary purpose of permitting a party to decide whether his "interests are better served by an uninterrupted march to trial" or by time to reflect and weigh the merits of his cause and the likelihood of success on appeal. After a careful review of the relevant sections of the Speedy Trial Act and its legislative history, the Court in *United States v. Mobile Materials, Inc.,* 871 F.2d 902, 913–914 (10th Cir.1989), excluded from the speedy trial clock a period from January 10 to February 3, 1986 to permit the defendant to *prepare* a pretrial motion and the government to file its response. The analogy between permitting a brief pause in the proceedings to reflect upon the contents and structure of a pretrial motion and a similar pause to reflect upon the wisdom of an appeal is plain.

presented in the interlocutory appeal. The last mandate was issued by that Court on December 20, 1988 and received by the Clerk of this court on December 27, 1988.[4]

The case was next calendared on January 19, 1989 when a status conference was held and, upon consent of all the parties, April 3, 1989 was fixed as the day for jury selection and trial.[5] An order of excludable delay of that period was duly made. Thus, from December 20, 1988 to January 19, 1989, a period of thirty-one (31) days, the speedy trial clock ticked away again. The total number of days thus elapsed by virtue of the foregoing calculation was thirty-seven (37) and the defendant's motion to dismiss pursuant to 18 U.S.C. § 3162(a)(2) is, therefore, denied.

The defendants have renewed their motion for a bill of particulars which had previously been denied. For the reasons given in the court's order of September 21, 1987 the motion is again denied.

SO ORDERED.

**4.** In *United States v. Rivera,* 844 F.2d 916, 920 (2d Cir.1988) the Court sought to and did resolve the troublesome question as to whether the speedy trial clock begins to run again when the mandate is issued by the Clerk of the Circuit Court or when it is received in the district court. It held that the mandate issues when the Clerk of the Court of Appeals signs her name and the date on a docket card next to a notation indicating that the mandate has issued. *Cf. United States v. Crooks,* 804 F.2d 1441, 1445 (9th Cir. 1986).

**5.** A reading of the transcript of the proceeding on January 19th can leave no doubt that neither the Government nor the defendants had any speedy trial concerns. It was not until the court inquired as to the status of the speedy trial clock that a discussion of that subject ensued. This motion to dismiss was then filed on January 31st. The trial date agreed upon by the court and the parties is approximately one month less than two years since the defendants were arraigned. The defendants have admitted that they have not been prejudiced by the delay.