UNITED STATES of America, Appellee,

v.

Eid HAMMAD a/k/a "Eddie Hammad", and Taiseer Hammad, Appellants.

Nos. 1075, 1192, Dockets 89–1316, 89–1378.

United States Court of Appeals, Second Circuit.

Argued April 9, 1990.

Decided April 30, 1990.

---

Richard A. Greenberg, New York City (Newman & Schwartz, William Shields, New York City, of counsel), for defendant-appellant Taiseer Hammad.

Michael S. Washor, New York City, for defendant-appellant Eid Hammad.

Andrew Luger, Asst. U.S. Atty., E.D. of New York (Andrew J. Maloney, U.S. Atty., Susan Corkery, Charles W. Gerber, Asst. U.S. Attys., E.D. of New York, of counsel), for appellee.

Before KAUFMAN, MAHONEY and FRIEDMAN,* Circuit Judges.

IRVING R. KAUFMAN, Circuit Judge:

After uncommonly numerous pretrial proceedings spanning almost two years and including a controversial interlocutory appeal, appellants, who owned and operated a shoe store (the Hammad Department Store) in Brooklyn, New York, were convicted of multiple counts of mail fraud in a not otherwise distinctive criminal case. *See* 678 F.Supp. 397 (E.D.N.Y.1987), *reconsideration denied,* 1987 WL 25873, 1987 U.S.Dist. Lexis 12791 (E.D.N.Y.), *rev'd,* 846 F.2d 854 (2d Cir.), *reh'g denied,* 855 F.2d 36 (2d Cir.),

*revised,* 858 F.2d 834 (2d Cir.1988), *later proceeding,* 709 F.Supp. 334 (E.D.N.Y. 1989). The jury found that from June 1984 to May 1985 the Hammads fraudulently obtained over $400,000 from Medicaid by submitting approximately 20,000 reimbursement claims to the New York State Department of Social Services for providing orthopedic shoes to Medicaid recipients when non-orthopedic footwear actually had been dispensed.

Eid Hammad also was found to have committed arson by setting fire to the Hammad Department Store on November 30, 1985 and was pronounced guilty of mail fraud for using the mails in an attempt to collect for fire damage under the terms of his insurance policy. Taiseer was found to have endeavored to obstruct justice by repeatedly instructing one of his wholesale shoe suppliers to give false testimony to and withhold documents from the grand jury concerning the actual amount of orthopedic footwear supplied.

Appellants raise a panoply of challenges to their convictions. Primarily, they contend that the district court improperly denied their motion to dismiss the indictment on speedy trial grounds. *See* 709 F.Supp. at 336. They also assert there was insufficient evidence to support their convictions on the various counts and that the denial of their request for a bill of particulars, *see* 678 F.Supp. at 403, constituted reversible error. In addition, appellant Taiseer Hammad invites us to reconsider our ruling on interlocutory appeal, 846 F.2d 854, *reh'g denied,* 855 F.2d 36, *revised,* 858 F.2d 834, reversing the district court's order suppressing audio and videotape evidence.[1]

Under settled principles of "law of the case," we decline to accept appellant's invitation to reconsider our previous decision in the absence of a specific reason. *See United ed States v. Adegbite,* 877 F.2d 174, 178 (2d

---

* Of the United States Court of Appeals for the Federal Circuit, sitting by designation.

1. In a series of opinions on interlocutory review, we held that a prosecutor may be "authorized by law" to employ investigative techniques such as using informants to speak with represented targets, but found that the prosecutor violated Disciplinary Rule 7–104(A)(1) of the American Bar Association's Code of Professional Responsibility, by providing the informant with a "sham" subpoena. Nonetheless, we recognized the propriety of the prosecutor's conduct had been previously "unsettled" and reversed the district court's order suppressing the audio and video taped evidence.

Cir.1989). With the exception of the Speedy Trial Act claims, moreover, we believe appellants' other arguments border on the frivolous and warrant no comment. Accordingly, we write only to address appellants' claim they were denied a speedy trial.

Subject to various exclusions, most of which appellants conceded, the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, required that the defendants be tried within 70 days of the entry of their not guilty pleas on May 13, 1987. 18 U.S.C. 3161(c)(1). While the Hammads claim 82 to 87 days ran on the speedy trial clock, the district court determined only 37 days had run and the government calculates 19. We focus our attention on whether the 30–day period from May 20, 1987, until June 18, 1987, is properly excludable.

On May 20, the attorney representing Taiseer Hammad informed the district court that he intended to withdraw as counsel because he was a potential witness and that he had "taken steps already to have or insure that counsel will be taking this matter over very shortly." On June 18, 1987, substitution of counsel was completed.

The district court found that although it had not originally issued "a formal order of excludable delay for the period from May 20, 1987 to June 18, 1987 . . . a continuance of time to obtain new counsel was granted on that date [May 20] by implication." 709 F.Supp. at 335. The court then formally excluded the time under § 3161(h)(8)(B)(iv) (exclusion of time as a result of an ends-of-justice continuance). *Id.*

The Hammads urge that the district court's finding that a continuance was granted by implication was clearly erroneous and prohibited by our ruling in *United States v. Tunnessen*, 763 F.2d 74 (2d Cir. 1985), which barred a continuance granted retroactively.

■ We need not decide whether the district court's implied ends-of-justice exclusion was permissible since we find the time period properly excludable under the self-executing provision of § 3161(h)(1)(F). *See Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir.1987) (on appeal the court may affirm on any basis for which there is a record sufficient to permit conclusions of law). Section 3161(h)(1)(F) provides for the automatic exclusion of periods of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."

■ After counsel for Taiseer stated that he felt compelled to disqualify himself, the court responded: "So you have an obligation to be relieved as counsel? Is there anything further?" Construing counsel's discourse with the court as an oral motion for substitution of counsel, we believe it follows the court took the motion under advisement and disposed of it on June 18 when new counsel was substituted. *See, e.g., United States v. Louis*, 814 F.2d 852, 856–57 (2d Cir.1987) (motion deemed "filed" notwithstanding irregularities in service and filing of motion papers); *United States v. Elkins*, 795 F.2d 919, 922 (11th Cir.), *cert. denied*, 479 U.S. 952, 107 S.Ct. 443, 93 L.Ed.2d 391 (1986) (telephone call to court informing it that defendant was not represented in effect was motion for appointment of counsel).

This construction, moreover, is equitable since it is consistent with the ordinary effect substitution of counsel has of delaying the progress of a trial. More importantly, the extent of the time lapse was entirely within the defendants' control. Exclusion in this circumstance is appropriate to prevent appellants from using the Speedy Trial Act as a sword to dismiss a proper indictment rather than as a shield against unnecessary and unfair delays. Thus, the entire 30–day period between and including May 20, 1987 through June 18, 1987, is properly excludable.

In light of this significant exclusion, more time remains on the 70–day speedy trial clock than the sum of all remaining contested periods of delay. Therefore, there is no need to consider appellants' other speedy trial arguments.

For the foregoing reasons, we affirm appellants' convictions.