**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Thadius Lewis MOHR, Defendant–
Appellant.**

No. 00–30336.

D.C. No. CR–00–00083–Z.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 11, 2001 *.

Decided Sept. 11, 2001.

Before KOZINSKI and GOULD, Circuit
Judges, and SCHWARZER,** Senior
District Judge.

MEMORANDUM ***

Thadius Lewis Mohr appeals his convic-
tion of armed bank robbery, 18 U.S.C.
§§ 2113(a) and (d); use of a firearm dur-
ing a violent crime, 18 U.S.C. § 924(c);
and felon in possession of a firearm, 18

---

* The panel unanimously finds this case suitable
for decision without oral argument. Fed.
R.App. P. 34(a)(2).

** The Honorable William W Schwarzer, Senior
United States District Judge for the Northern
District of California, sitting by designation.

*** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

U.S.C. §§ 922(g)(1) and 924(e). His principal contention is that he was denied the effective assistance of counsel, citing two grounds.

■ The first ground rests on counsel's failure to move to suppress evidence discovered during a warrantless search. The search consisted of an external inspection of a Ford Mustang suspected as the getaway car and disclosed external damage and the warmth of the hood. Because the car was parked on a relatively short driveway next to Mohr's residence and in plain view from the street, Mohr had no reasonable expectation of privacy. *United States v. Humphries,* 636 F.2d 1172, 1179 (9th Cir.1980). Moreover, Mohr had no reasonable expectation of privacy as to the exterior of the car. *New York v. Class,* 475 U.S. 106, 114, 106 S.Ct. 960, 89 L.Ed.2d 81 (1986). Because Mohr has failed to show either inadequate performance of counsel or resulting prejudice, the district court did not err in failing to hold an evidentiary hearing. *See Strickland v. Washington,* 466 U.S. 668, 700, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ The second focuses on cumulative errors made by counsel without which, Mohr claims, the verdict would have been different. Mohr offers a potpourri of alleged shortcomings of counsel: failure to obtain a sufficient continuance, failure to present expert evidence on the effects of heroin withdrawal in support of the contention that Mohr's statement was involuntary, and failure to present Mohr's testimony adequately. Even were there a measure of merit to these contentions, there is no evidence that Mohr's attack on the voluntariness of his statement could have succeeded; hence, there is no showing of prejudice.

■ Mohr complains of vindictive prosecution when the government obtained a superseding indictment adding a gun count shortly before trial after plea negotiations had failed. The claim is without merit. *United States v. Noushfar,* 78 F.3d 1442, 1446 (9th Cir.1996).

■ Mohr contends that the Speedy Trial Act was violated in that seventy-two days elapsed between the filing of the indictment and the start of trial. The contention lacks merit because Mohr fails to exclude the two days during which his motion for appointment of new counsel was pending and the following five days before new counsel made his appearance. 18 U.S.C. § 3161(h)(1)(F) (2000).

AFFIRMED.