**UNITED STATES of America,**

v.

**Tejbir OBEROI, Defendant.**

**No. 99–CR–197A.**

United States District Court,
W.D. New York.

Dec. 11, 2003.

Tejbir S. Oberoi, Buffalo, NY, Pro se.

Jack E. Rogowski, U.S. Attorney's Office, Buffalo, NY, for Plaintiff.

John J. Molloy, West Seneca, NY, for Defendant.

### DECISION AND ORDER

ARCARA, District Judge.

### *INTRODUCTION*

On June 20, 2003, defendant Tejbir Oberoi moved *pro se* to dismiss the instant Indictment based on an alleged violation of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* He filed supplemental material in support of his motion on June 24, 2003. The government filed a response opposing the motion on July 2, 2003. Defendant filed an affirmation and table in support of his motion on July 3, 2003. Defendant also filed supplemental reply memoranda on July 8, July 10, August 12, August 14, August 21, August 25, September 10, October 22 and October 24, 2003. In his October 22nd memorandum, defendant raised for the first time a claim that the indictment should also be dismissed under the Speedy Trial Act because of pre-indictment delay. The government filed a memorandum regarding the pre-indictment delay issue on November 4, 2003. Defendant

filed reply memoranda thereto on November 5 and 13, 2003.[1] Oral argument on the motion to dismiss was held on November 12, 2003.

After reviewing the submissions of the parties and hearing oral argument, the Court denies defendant's motion to dismiss.

## DISCUSSION

### A. The Speedy Trial Act

■ The Speedy Trial Act is designed to protect a defendant's constitutional right to a speedy trial and to serve the public interest in ensuring a quick resolution of criminal proceedings. *United States v. Breen,* 243 F.3d 591, 594 (2d Cir.) (citation omitted), *cert. denied,* 534 U.S. 894, 122 S.Ct. 214, 151 L.Ed.2d 152 (2001). The Act commands the government to bring criminal defendants to trial within 70 days of their first appearance before a judicial officer of the court or the filing of an indictment, whichever is later. *See* 18 U.S.C. § 3161(c)(1)[2]; *see also United States v. Anderson,* 902 F.2d 1105, 1108 (2d Cir.), *cert. denied,* 498 U.S. 867, 111 S.Ct. 182, 112 L.Ed.2d 146 (1990). The 70–day deadline, however, is not absolute; 18 U.S.C. § 3161(h) excludes certain periods of delay from the 70–day calculation. The periods of delay defined in §§ 3161(h)(1)-(6), which include delays resulting from interlocutory appeals, pretrial motions and "other proceedings concern-ing the defendant," are automatically excluded from the Speedy Trial clock.[3] *See Henderson v. United States,* 476 U.S. 321, 327, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986); *Anderson,* 902 F.2d at 1108; *United States v. Tunnessen,* 763 F.2d 74, 76 (2d Cir. 1985). Put differently, these sections of the Act are self-executing, *i.e.,* no specific finding or order by the court is required for the exclusions to apply, and the exclusions are not limited to delays that are reasonably necessary. *Henderson,* 476 U.S. at 329–30, 106 S.Ct. 1871.

■ The Speedy Trial Act also excludes from the 70–day time limit any period of delay "resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Unlike §§ 3161(h)(1)-(6), § 3161(h)(8)(A) is not self-executing. No period of delay based on the "ends of justice" may be excluded under § 3161(h)(8)(A), "unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice [would be] served" by granting the excludable delay. Subsection (h)(8)(B) contains a nonexclusive list of factors for the court to consider in deciding whether to grant a

---

**1.** Defendant's November 13, 2003 memorandum was actually submitted to the Court on the morning of November 12, 2003, just before oral argument, but was not filed until November 13th.

**2.** 18 U.S.C. § 3161(c)(1) provides, in pertinent part:

In any case in which a plea of not guilty is entered, the trial of a defendant charged by ... indictment shall commence within seventy days from the filing date (and making public) of the ... indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

**3.** Many courts have used the metaphor of a clock to keep track of periods of delay under the Speedy Trial Act. *See, e.g., United States v. Rodriguez,* 63 F.3d 1159, 1162 (1st Cir.) (noting use of the clock metaphor under the Speedy Trial Act), *cert. denied,* 516 U.S. 1032, 116 S.Ct. 681, 133 L.Ed.2d 529 (1995).

continuance under subsection (h)(8)(A). The court may not grant an ends-of-justice continuance under § 3161(h)(8)(A) *nunc pro tunc.* *Tunnessen,* 763 F.2d at 77. "[A]n ends-of-justice continuance [must] be prospective, not retroactive; an order granting a continuance on that ground must be made at the outset of the excludable period." *Id.* However, a court may enter its ends-of-justice finding after it grants the continuance if it is clear from the record that the court conducted the mandatory balancing contemporaneously with the granting of the continuance. *Id.* at 77–78.

█ If a criminal indictment is not brought to trial within the 70–day time limit imposed by § 3161(c)(1), as extended by operation of § 3161(h), the penalty provisions of the Speedy Trial Act mandate that "the information or indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2). The dismissal may be with or without prejudice. *Id.; Tunnessen,* 763 F.2d at 76.

### B. *The Speedy Trial Clock has not Expired*

Defendant Oberoi contends that the 70–day Speedy Trial clock expired long ago in this case and that the Indictment must therefore be dismissed. The Court finds this contention without merit.

Preliminarily, the Court notes that although this case has been pending for nearly four years, an unusually long period of time, defendant does not dispute that the vast majority of the delay is properly excluded from the 70–day Speedy Trial clock.[4] For example, the government has filed six motions in this case to modify or revoke defendant's bail. Each government motion resulted in a more restrictive modification of release. In two instances, defendant's bail was revoked.[5] Hearings on the various bail revocation motions consumed several months. Defendant does not contest that all such periods between the filing of the bail revocation motions and the conclusion of the hearings and related submissions are excluded under 18 U.S.C. § 3161(h)(1)(F)[6], from computation of the Speedy Trial Act time. There have also been myriad other delays, including delays relating to three different defense attorney changes[7] and two separate interlocutory appeals to the Second Circuit Court of Appeals, to which defendant does not object.

Defendant's motion is limited to challenging a number of discrete time periods which he claims are not excluded or were not properly excluded under the Speedy Trial Act.[8] He claims that when these nonexcluded periods of delay are added together, they result in significantly more

4. The Court notes that on February 4, 2003, while this case was on interlocutory appeal, defendant's counsel at the time represented to the Second Circuit Court of Appeals that there was no speedy trial issue in this case. *See* Item No. 285.

5. The first revocation was ordered on March 9, 2000, but the defendant was released again on bail on March 15, 2000. The second revocation was ordered on May 8, 2003, when the Court revoked bail pending a hearing. On May 30, 2003, following an evidentiary hearing, the Court ordered the defendant detained pending trial.

6. Section 3161(h)(1)(F) provides that "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" shall be excluded from the Speedy Trial calculation.

7. During the course of this case, defendant has been represented by seven different attorneys, functioning either jointly or individually: Jack Danziger; Herbert Greenman; Mark Mahoney; Joseph Mistrett; Timothy Hoover; Kimberly Schechter; and John Molloy.

8. Defendant challenges the excludability of the following periods of delay: December 16,

than 70 days having run on the Speedy Trial clock. Each of the challenged periods will be discussed chronologically, with a running tally as to the number of non-excluded speedy trial days at the end of each period.

### 1. *Period of December 16, 1999 to December 22, 1999*

On October 14, 1999, the government filed a criminal complaint (99–M–88) charging defendant with mail fraud, in violation of 18 U.S.C. § 1341; and health care fraud, in violation of 18 U.S.C. § 1347. Defendant was arrested on October 18, 1999 and made an initial appearance on the complaint before Magistrate Judge Carol E. Heckman that same day. Defendant was released on his own recognizance.

On December 16, 1999, a federal grand jury returned a 157–count Indictment (99–CR–197), which charged defendant with 34 counts of mail fraud, in violation of 18 U.S.C. § 1341; and 123 counts of making false statements in connection with health care benefits, in violation of 18 U.S.C. § 1035(a)(2). Defendant appeared for arraignment on the Indictment on December 22, 1999, before Magistrate Judge Heckman, at which time he entered a plea of not guilty. *See* Government Exhibit No. 1.

Defendant contends that the five days between the Indictment being returned on December 16th and the arraignment on December 22nd is not excluded time under the Speedy Trial Act. The government does not contest defendant's position.

Thus, the five-day period between December 16th and December 22nd is not excluded from the Speedy Trial clock.

**5 DAYS NON–EXCLUDED: 65 REMAIN**

### 2. *Period of January 12, 2000 to February 11, 2000*

At the December 22, 1999 arraignment, the government moved for detention of defendant pending trial. Magistrate Judge Heckman scheduled a hearing on the government's motion.

Also at the December 22, 1999 arraignment, defendant, through his then-counsel, Mr. Greenman, requested that he be given time to obtain and review evidence provided by the government through voluntary discovery, as well as additional time to prepare and file pretrial motions. *See* Government Exhibit No. 1. The Magistrate Judge directed that all voluntary discovery be provided to the defendant by January 19, 2000, that defense motions be filed by February 23, 2000, that the government's response be filed by March 3, 2000, and that oral argument on the motions be held on March 8, 2000. *Id.* The Magistrate Judge then stated that the time up to the oral argument date would be excluded from the Speedy Trial clock. *Id.* at 9. Neither defendant nor his counsel objected.

The Magistrate Judge filed a written Scheduling Order on December 28, 1999. *See* Government Exhibit No. 2.[9] In the December 28th Scheduling Order, the

---

1999 to December 22, 1999; January 12, 2000 to February 11, 2000; March 9, 2000 to July 31, 2000; November 18, 2000 to November 27, 2000; December 19, 2000 to February 5, 2001; September 29, 2001 to October 16, 2001; October 24, 2001 to November 1, 2001; February 13, 2002 to February 20, 2002; and February 7, 2003 to February 20, 2003. Defendant does not dispute that all other periods of delay in this case are properly excluded.

**9.** The docket entry for the December 28, 1999 Scheduling Order erroneously states that the defendant's motions were due February 3, 2000. The Scheduling Order itself and the transcript of the arraignment both reflect that defense motions were due by February 23, 2000.

The Court also notes that the December 28th Scheduling Order indicated that oral argument on defendant's pretrial motions would be held on March 10, 2000, but the

Magistrate Judge stated that the period of December 22, 1999 (the date of the arraignment) through March 10, 2000 (the date for oral argument on defendant's pretrial motions) is excluded from the computation of Speedy Trial Act time, pursuant to § 3161(h)(1)(F). *See* Government Exhibit No. 2. In support of the exclusion, the Magistrate Judge cited the following cases: *United States v. Piontek*, 861 F.2d 152, 154 (7th Cir.1988); *United States v. Montoya*, 827 F.2d 143, 153 (7th Cir.1987); *United States v. Wilson*, 835 F.2d 1440, 1444 (D.C.Cir.1987); *United States v. Tibboel*, 753 F.2d 608, 610 (7th Cir.1985), and *United States v. Jodoin*, 672 F.2d 232, 238 (1st Cir.1982). These cases all hold that the time period deemed necessary for the preparation of motions is properly excluded from the computation of Speedy Trial Act time. The Magistrate Judge also cited as authority for the exclusion the Second Circuit Judicial Council's Guidelines under the Speedy Trial Act (1979) ("Second Circuit Speedy Trial Guidelines"), Part I(C)(3)(a) and (b), which provide, in pertinent part, as follows:

> With respect to the motions [which the Court has determined require the filing of written papers], the time beginning with the date the Court determines that written papers are required and ending with the date of oral argument (or the due date of any post-argument submission) or, if there is to be no oral argument, the due date of the reply papers, is excluded as a proceeding concerning the defendant under § 3161(h)(1).

transcript of the arraignment shows that the Magistrate Judge originally set March 8, 2000 as the date for oral argument. There is no explanation in the record for this change.

10. Defendant only argues that the period from January 12, 2000 to February 11, 2000 is not properly excluded because the rest of the pretrial motion preparation time in the December 28th Scheduling Order is properly excluded under § 3161(h)(1)(F), due to the

On January 12, 2000, the Magistrate Judge held a hearing on the government's December 22nd detention motion. The Magistrate Judge granted, in part, the relief requested by the government, ordering the defendant to post cash bail and setting new terms and conditions of release.

On February 11, 2000, the government again moved for revocation of defendant's bail. That motion was disposed of on March 9, 2000.

■ Until the filing of the instant motion to dismiss, neither defendant nor his counsel ever objected to the December 28th Scheduling Order or the Magistrate Judge's finding therein that the time for preparing and filing pretrial motions was excluded, under § 3161(h)(1)(F). Now, for the first time, defendant contends that in the Magistrate Judge incorrectly held that the period of delay resulting from the preparation of pretrial motions is excluded under § 3161(h)(1)(F). Defendant argues that the plain language of § 3161(h)(1)(F) only excludes delay occurring after the filing of a pretrial motion and does not exclude delay resulting from preparation of the motion. He further argues that motion preparation time can only be excluded from the Speedy Trial clock if the court makes a contemporaneous ends-of-justice finding under § 3161(h)(8), which the court failed to do here. Thus, according to the defendant, the time between January 12, 2000 and February 11, 2000 is not excluded.[10] The Court finds defen-

government motions relating to bail. Defendant concedes that the period from the arraignment on December 22, 1999 to January 12, 2000 is properly excluded, because the government moved for pretrial detention at the arraignment and that motion was resolved on January 12th. He also concedes that the time after February 11, 2000 is properly excluded because the government filed another detention motion on that date, which was ultimately decided on March 9, 2000.

dant's arguments without merit. Although the Court agrees with defendant that motion preparation time is not excluded under § 3161(h)(1)(F) as the Magistrate Judge held, it finds, as discussed below, that such time is automatically excluded under § 3161(h)(1).

Courts of Appeals have disagreed on whether delay attributable to the preparation of pretrial motions is automatically excluded under the general language of § 3161(h)(1). A number of circuit courts have held that such delays are excluded under § 3161(h)(1). *See, e.g., United States v. Mejia*, 82 F.3d 1032, 1035–36 (11th Cir.), *cert. denied*, 519 U.S. 872, 117 S.Ct. 188, 136 L.Ed.2d 126 (1996); *United States v. Lewis*, 980 F.2d 555, 564 (9th Cir.1992); *United States v. Barnes*, 909 F.2d 1059, 1064–65 (7th Cir.1990); *United States v. Mobile Materials, Inc.*, 871 F.2d 902, 913–14 (10th Cir.1989); *Wilson*, 835 F.2d at 1444–45; *Jodoin*, 672 F.2d at 238. Relying on the general language in § 3161(h)(1), which excludes "[a]ny period of delay resulting from other proceedings concerning the defendant, including but not limited to," those enumerated in subsections (A)-(J), these courts have reasoned that the phrase "including but not limited to" indicates that the particular time periods listed in subsections (A) through (J) are an illustrative rather than an exhaustive enumeration of those delays resulting from "other proceedings concerning the defendant."

In *Mobile Materials, Inc.*, 871 F.2d at 913–14, the Tenth Circuit found that § 3161(h)(1) is to be given an open-ended construction. Holding that a defense request for motion preparation time automatically tolls the Speedy Trial clock, the Tenth Circuit stated that:

Such a grant of time undoubtedly allows the accused to better pursue a defense and is therefore consistent with the objective of section 3161(h)(1). But it serves another salutary purpose as well. The grant allows the district court to dispose of the difficult question of whether the defendant's interests are better served by an uninterrupted march to trial or by a pause in proceedings at the defendant's request for preparation of pretrial motions.

In contrast, at least two circuit courts have held that motion preparation time is not excluded under § 3161(h)(1). *See, e.g., United States v. Jarrell*, 147 F.3d 315, 317 (4th Cir.), *cert. denied*, 525 U.S. 954, 119 S.Ct. 386, 142 L.Ed.2d 319 (1998); *United States v. Moran*, 998 F.2d 1368, 1370–71 (6th Cir.1993).[11] These courts have reasoned that Congress' decision not to include pretrial motion preparation time within the scope of delay excludable under § 3161(h)(1)(F), which excludes the time from the "filing" of motions to the conclusion of the hearing thereon, strongly indicates that it did not intend to exclude such time under § 3161(h)(1) at all.

There does not appear to be any Second Circuit case law directly addressing the issue of whether motion preparation time is automatically excluded under § 3161(h)(1). Defendant cites *United States v. Bufalino*, 683 F.2d 639 (2nd Cir.), *cert. denied*, 459 U.S. 1104, 103 S.Ct. 727, 74 L.Ed.2d 952 (1983), for the proposition that such time is not excluded for Speedy Trial Act purposes. However, defendant's reliance on *Bufalino* is misplaced. In *Bufalino*, the government claimed that the entire period from when the defendant's counsel discussed the need to prepare motions (January 20th) and filed motions (mo-

---

**11.** Although these courts held that motion preparation time in not automatically excluded under § 3161(h)(1), they both recognized that such time can be excluded in a particular case so long as the trial court makes a contemporaneous, prospective "ends-of-justice" finding under § 3161(h)(8). *Jarrell*, 147 F.3d at 318; *Moran*, 998 F.2d at 1371.

tions filed March 24th and May 26th) to when the district court decided the motions (July 28th) was excluded under § 3161(h)(1)(F). The Second Circuit held that once motions are deemed submitted, the 30–day exclusion provided under 18 U.S.C. § 3161(h)(1)(J)[12] applies, not § 3161(h)(1)(F). *Id.* at 642. The court expressly declined to address the defendant's contention that § 3161(h)(1)(F) does not exclude motion preparation time. *Id.* at 645 n. 7. Thus, *Bufalino* offers no definitive guidance regarding the excludability of motion preparation time.

Defendant further cites the Second Circuit's decision in *United States v. Matsushita*, 794 F.2d 46 (2d Cir.1986) for the proposition that motion preparation time can only be excluded if there has been a contemporaneous ends-of-justice finding under § 3161(h)(8). However, defendant reads too much into *Matsushita*. In *Matsushita*, the district court had made a contemporaneous, prospective ends-of-justice finding that a three-week period of delay for motion preparation, as requested by the defendant, was excludable under § 3161(h)(8). The Second Circuit held that this exclusion was correct. The Second Circuit did not hold, as defendant suggests, that motion preparation time is not properly excluded under § 3161(h)(1) or that such time can only be excluded under § 3161(h)(8). In fact, the Second Circuit did not even mention § 3161(h)(1).[13] Thus, *Matsushita* merely

stands for the unremarkable proposition that a trial court may exclude time for pretrial motion preparation, as requested by the defendant, under § 3161(h)(8), so long as there is an appropriate ends-of-justice finding.[14]

Although there is no Second Circuit case law regarding the issue of whether motion preparation time is excluded under § 3161(h)(1), the issue is addressed in the Second Circuit Speedy Trial Guidelines. As stated above, the Guidelines specifically provide that the time from when the trial court determines that written papers are required until the date of the oral argument is excluded under § 3161(h)(1). The Second Circuit has held that although these Guidelines do not have the force of law, they "are entitled to appropriate respect" in construing the Speedy Trial Act. *United States v. Todisco*, 667 F.2d 255, 260 (2d Cir.1981), *cert. denied*, 455 U.S. 906, 102 S.Ct. 1250, 71 L.Ed.2d 444 (1982); *see also United States v. Roman*, 822 F.2d 261, 265 (2d Cir.), *cert. denied*, 484 U.S. 954, 108 S.Ct. 347, 98 L.Ed.2d 373 (1987).

Defendant argues that the motion preparation time in this case is not excluded under § 3161(h)(1), because here, unlike other cases where motion preparation time has been excluded under § 3161(h)(1), the Magistrate Judge granted defendant additional time to prepare pretrial motions *sua sponte*, without a request by the defendant.[15] This argument is based on a false

---

**12.** Section 3161(h)(1)(J) excludes from the computation of the Speedy Trial Act time "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."

**13.** This is not surprising in light of the fact that the Second Circuit determined that the time was properly excluded by the district court under § 3161(h)(8). Thus, there was no need for the Circuit to go any further.

**14.** Defendant also cites *United States v. Adeniji*, 31 F.3d 58 (2d Cir.1994) in support of his position. However, *Adeniji* is inapposite to the situation present here. That case involved the issue of whether a continuance was properly granted under § 3161(h)(8) to allow time for the defendant to interview witnesses for trial. It did not involve the issue of whether time is automatically excluded under § 3161(h)(1) for the preparation and filing of pretrial motions.

**15.** *Compare United States v. Hoslett*, 998 F.2d 648, 656–57 (9th Cir.1993) (holding that a

statement of facts. Contrary to defendant's assertions, the Magistrate Judge did not grant pretrial motion preparation time *sua sponte*; rather, defense counsel, on behalf of the defendant, requested and was granted additional time to prepare and file his pretrial motions. At the arraignment on December 22, 1999, the Magistrate Judge stated, "So we need to set a scheduling order for motions. I assume there will be motions in this case." Government Exhibit No. 1 at 3. Defense counsel responded, "Yes, Your Honor." *Id.* Defense counsel then asked the Magistrate Judge for more time to review the government's voluntary discovery, *id.* at 4–5, and to prepare and file pretrial motions. ·*Id.* at 5–9. Defense counsel explained that the motions he was planning to file would be "substantive" motions attacking the indictment. *Id.* The Magistrate Judge granted defense counsel the additional time that he requested. *Id.* at 9.

Defendant further argues that because his motions were initially due to be filed on February 3, 2000, and because no motions were filed on his behalf by that date, the Speedy Trial clock ran from that date until the government's detention motion was filed on February 11, 2000. Again, however, defendant's argument relies on a faulty statement of facts. As stated above, the transcript of the December 22nd arraignment and the December 28th Scheduling Order set forth that defendant's motions

were due on February 23, 2000, not February 3, 2000.

In sum, the Court holds that motion preparation time is automatically excluded from the Speedy Trial clock under § 3161(h)(1). This holding is consistent with the majority of circuit courts that have decided the issue and with the Second Circuit Speedy Trial Guidelines. Accordingly, the Court finds that the period from January 12, 2000 to February 11, 2000 is excluded under § 3161(h)(1) from the 70–day Speedy Trial clock as motion preparation time.[16]

 Even if it were assumed *arguendo* that pretrial motion preparation time is not automatically excluded under § 3161(h)(1), defendant's conduct in contributing to the delay would preclude him from arguing that the time is not excluded. A defendant generally may not elect to waive the protections of the Speedy Trial Act, because Congress passed the Act not only for the benefit of criminal defendants, but also to further the public's interest in the prompt disposition of criminal cases.[17] *See United States v. Gambino,* 59 F.3d 353, 359–60 (2d Cir.1995) (citations omitted), *cert. denied,* 517 U.S. 1187, 116 S.Ct. 1671, 134 L.Ed.2d 776 (1996). Nonetheless, the Second Circuit and several other circuit courts have recognized an exception to the non-waiver rule, holding that when a defendant's conduct causes or contributes

district court's standard practice of setting deadlines, *sua sponte,* for the filing of pretrial motions does not trigger the pretrial motion preparation exclusion under § 3161(h)(1); such exclusion is only triggered if the defendant asks for additional time to prepare pretrial motions), *with Barnes,* 909 F.2d at 1064–65 (Seventh Circuit allowed court's *sua sponte* scheduling order to trigger pretrial motion preparation exclusion under § 3161(h)(1)) *and Montoya,* 827 F.2d at 153 (same). .

16. The fact that the Magistrate Judge cited § 3161(h)(1)(F) rather than § 3161(h)(1) in

the December 28th Scheduling Order as the basis of the exclusion of the motion preparation time does not change this result. As stated above, § 3161(h)(1) is self-executing. Thus, there was no requirement for the Magistrate Judge to make any type of finding regarding the excludability of the motion preparation time. The exclusion is automatic.

17. The Speedy Trial Act does provide that a defendant waives his rights under the Act if he does not move for dismissal prior to trial. 18 U.S.C. § 3161(a)(2).

to a period of delay, that time may be excluded from the running of the Speedy Trial clock. *Id.* at 360–61; *see also United States v. Kucik,* 909 F.2d 206, 211 (7th Cir.1990) ("Where a defendant actively participates in a continuance ... he cannot then 'sand-bag' the court and the government by counting that time in a speedy trial motion"), *cert. denied,* 498 U.S. 1070, 111 S.Ct. 791, 112 L.Ed.2d 853 (1991); *United States v. Pringle,* 751 F.2d 419, 434–35 (1st Cir.1984) (exception necessary to prevent defendants from "work[ing] both sides of the street, lulling the court and prosecution into a false sense of security only to turn around later and use the waiver-induced leisurely pace of the case as grounds for dismissal"); *see also, e.g., United States v. Fields,* 39 F.3d 439, 442–43 (3rd Cir.1994) (approving *Kucik* rule in *dicta*); *United States v. Kington,* 875 F.2d 1091, 1108 (5th Cir.1989) (in *dicta* calling the *Pringle* exception a "sensible maxim").

> Where the public's interest in swift justice is not disregarded, such an exception makes good sense. The reason is plain. The provisions of the Speedy Trial Act are not to be mistaken for the rules of a game where defense counsel's cunning strategy may effectively subvert Congress' goal of implementing sound trial management.

*Gambino,* 59 F.3d at 360 (citations omitted). Thus, where a defendant or his counsel requests or affirmatively consents to a continuance for defendant's own advantage and the resulting delay does not subvert the ends of justice, the defendant may not later assert a Speedy Trial Act violation for the period of the continuance. *See id.* at 360–61; *Pringle,* 751 F.2d at 434

(defendant may not "simultaneously use the Act as a sword and a shield").

Here, as stated above, it was the defendant, through his counsel, who asked for and was granted a continuance to review the government's voluntary discovery and to prepare pretrial motions. Considering the complexity and nature of this case, which involves 157 counts of fraud and false statements and voluminous dental and insurance records, it did not subvert the ends of justice to allow defendant such a continuance. Defendant cannot now turn around and use his own request for a continuance as a basis for dismissing the Indictment on speedy trial grounds.

**0 NEW DAYS—5 DAYS NON–EX-CLUDED: 65 REMAIN**

### 3. *Period of March 9, 2000 to May 10, 2000*

On or about March 3, 2000, Mark Mahoney, Esq., replaced Mr. Greenman as defendant's attorney, and appeared on behalf of the defendant at a hearing on the government's February 11, 2000 detention motion.[18] On March 9, 2000, Magistrate Judge Heckman granted the government's detention motion orally from the bench and ordered the defendant remanded pending trial. *See* Government Exhibit No. 4. The Magistrate Judge also scheduled a conference for March 15, 2000, at which time the parties would discuss a new scheduling order. A written detention order was filed on March 14, 2000.

On March 15, 2000, a conference was held before Magistrate Judge Heckman. However, before scheduling matters were addressed, defense counsel argued for reconsideration of the Magistrate Judge's Detention Order.[19] The Magistrate Judge

---

**18.** Although there is nothing on the docket sheet indicating why Mr. Mahoney replaced Mr. Greenman as defense counsel, it appears from a transcript of proceedings on March 9, 2000 that the substitution was necessary because Mr. Greenman had a conflict of interest. *See* Government Exhibit No. 4 at 24.

**19.** Although not part of the record, defense counsel apparently moved for reconsideration of the Detention Order by letter sometime before the March 15th conference. *See* Government Exhibit No. 5 at 2. Such a motion normally would have tolled the Speedy Trial

granted the motion for reconsideration and ordered new conditions of release for the defendant. Defense counsel, Mr. Mahoney, also asked for additional time to review the voluntary discovery provided by the government and to meet with previous defense counsel, Mr. Greenman, to determine the status of the preparation of pretrial motions. *See* Government Exhibit No. 5 at 30. The Magistrate Judge granted the request and directed that all voluntary discovery be completed by April 12, 2000, that defense motions be filed by May 10, 2000, that the government's response be filed by May 31, 2000, and that oral argument on the motions be held on June 7, 2000. *Id.* at 32–33.

On March 20, 2000, Magistrate Judge Heckman filed a written scheduling order reflecting the dates discussed at the March 15, 2000 scheduling conference. *See* Government Exhibit No. 6. In the March 20th Scheduling Order, the Magistrate Judge also stated that the time period between March 15, 2000 and June 7, 2000 was excluded pursuant to § 3161(h)(1)(F) for the preparation and filing of motions. *Id.*

### a. *March 9, 2000 to March 15, 2000*

Defendant first contends that the period from March 9, 2000, the date on which the Magistrate Judge issued an oral decision revoking bail, to March 15, 2000, the date on which a new scheduling order was put in place, is not excluded time under the Speedy Trial Act. The Court agrees.

There was no proceeding or motion pending during this five-day time period and the Court can discern no basis for excluding the time under the Act.[20] Thus, five days expired from the Speedy Trial clock.

### b. *March 15, 2000 to March 20, 2000*

■ Defendant next argues that the period between March 15, 2000, the date the Magistrate Judge orally issued the new scheduling order, and March 20, 2000, the date the Magistrate Judge reduced the order to writing, is not excluded under the Speedy Trial Act. Although not clearly stated, defendant appears to be arguing that the March 15th oral scheduling order did not take effect until it was reduced to writing on March 20th. The Court finds this argument without merit. The March 15th oral scheduling order took effect immediately; it did not have to be reduced to writing to become effective.

### c. *March 20, 2000 to May 10, 2000*

Defendant also argues that the time between March 20, 2000 and May 10, 2000 (the period for motion preparation under the March 20th Scheduling Order) is not excluded, because such time is not properly excluded under § 3161(h)(1). The Court finds this argument without merit, because, as stated above, contrary to defendant's argument, pretrial motion preparation time is automatically excluded under § 3161(h)(1).

---

clock under § 3161(h)(1)(F), but because the motion was not filed and made part of the record and there is no indication of the exact date the motion was made, the Court finds that the motion did not toll the clock in this case.

20. The government contends that sometime prior to March 9, 2000, defendant's previous attorney, Mr. Greenman, requested an extension of the time to prepare and file pretrial motions, and that because the request was not ruled on by the Magistrate Judge until March

15, 2000, the period between March 9th and March 15th is excluded under § 3161(h)(1)(F). Although the government did refer to such a request on the record during the proceedings on March 9th, *see* Government Exhibit No. 4 at 24–25, there is nothing in the record memorializing the actual request from Mr. Greenman (the request was apparently made in chambers). The Court will not go outside the record to support an exclusion of time under the Speedy Trial Act.

Defendant further argues that even if the original motion preparation time granted by the Magistrate Judge in the December 28, 1999 Scheduling Order is assumed to be excluded under § 3161(h)(1), that time could be extended only under § 3161(h)(8) after an ends-of-justice finding by the Court, which did not occur here. Defendant fails, however, to cite any support or offer a cogent reason for drawing a distinction between the original scheduling order and the extension of that order, as it relates to the exclusion of motion preparation time under § 3161(h)(1). To the contrary, if delay resulting from pretrial motion preparation is automatically excluded under § 3161(h)(1), then it makes no difference whether such delay occurred as a result of an initial scheduling order or an extension of that order; In both instances the time is excluded under § 3161(h)(1). *See Mejia,* 82 F.3d at 1035–36 (holding that grant of defendant's request for extension of time to prepare and file pretrial motions, which extended until 15 days before trial, is properly excluded under § 3161(h)(1)); *Tibboel,* 753 F.2d at 610 (holding that entire delay resulting from the granting of defendant's successive requests for extensions to prepare and file pretrial motions is properly excluded under § 3161(h)(1)).

Moreover, even if motion preparation time or an extension of such time is not properly excluded under § 3161(h)(1), the Court finds that under the exception to the non-waiver rule, defendant is precluded from using such time to support a motion to dismiss under the Speedy Trial Act. The delay at issue here was the result of continuance granted by the Magistrate Judge at defendant's request. More specifically,

defendant's new counsel requested the additional time to review discovery and file motions, which was reasonable considering that he had just become involved in the case about two weeks earlier. As stated above, this is a complex case with voluminous discovery materials. The granting of an extension under these facts and circumstances did not subvert the ends of justice.[21]

## 5 NEW DAYS—10 DAYS NON-EXCLUDED: 60 REMAIN

### 4. *May 11, 2000 to June 28, 2000*

As stated, Magistrate Judge Heckman's March 20, 2000 Scheduling Order required defendant to file motions by May 10, 2000. *See* Government Exhibit No. 6. The Order further directed that, if no motions were filed by that date, the Speedy Trial Act exclusion would terminate as of that date. *Id.* Thus, if no further exclusion were in place, the Speedy Trial Act time would begin to run on May 11, 2000. Defendant did not file any motions by May 10th. However, on May 11th, when the Speedy Trial clock would otherwise have started to run, a status conference was held at which defendant's attorney, Mr. Mahoney, moved for additional time to file motions. *See* Government Exhibit No. 7. Mr. Mahoney explained that he needed the additional time because he was proceeding to trial in another case and because defendant's former attorney, Mr. Greenman, still had not provided him with all the discovery materials. *Id.* Magistrate Judge Heckman granted the motion and directed defendant to file motions by June 28, 2000, the government to respond by July 19, 2000, and oral argument to be heard on July 26, 2000. *Id.* The Magistrate Judge also stat-

---

**21.** The Court also notes that on March 27, 2000, a further bail hearing was held at which, in response to defendant's motion, the Magistrate Judge modified defendant's terms and conditions of release. Similar hearings were also held on April 19 and 21, 2000. Thus, the dates March 27, April 19 and April 21, 2000 are all excluded under both § 3161(h)(1) as "proceedings concerning the defendant" and § 3161(h)(1)(F).

ed that the time would be excluded until the date of oral argument. *Id.* Defense counsel did not object. On May 12, 2000, Magistrate Judge Heckman filed a written scheduling order dated May 11, 2000, *see* Government Exhibit No. 7A, setting forth the agreed upon schedule and finding that the period between May 11, 2000 and July 26, 2000 is excluded from the Speedy Trial clock, pursuant to § 3161(h)(1)(F), for the preparation and filing of motions.[22] Again there was no objection from either the defendant or his counsel.

Defendant argues that the May 11, 2000 Scheduling Order was an "invalid 'retroactive'" exclusion of time. He also argues that the Order was invalid because motion preparation time is not properly excluded under § 3161(h)(1)(F). Thus, according to defendant, the time from May 11, 2000 to June 28, 2000 is not excluded. These arguments are without merit.

Defendant's "retroactivity" argument is difficult to understand. The May 11, 2000 Scheduling Order was clearly prospective, not retroactive. It excluded time out into the future, not the past. In any event, as stated above, motion preparation time is automatically excluded under § 3161(h)(1). Thus, no finding or order by the Magistrate Judge regarding the excludability of the time was even necessary. Moreover, because defendant requested the continuance, and the resulting delay did not subvert the ends of justice, defendant is precluded under the exception to the non-waiver rule from now asserting a Speedy Trial Act violation for the period of the continuance.

**22.** The Court notes that the docket sheet incorrectly states that the May 11th Scheduling Order was issued by Magistrate Judge Hugh B. Scott.

**23.** Magistrate Judge Schroeder was assigned to this case on June 2, 2000 after Magistrate Judge Heckman resigned and returned to private practice. *See* Item No. 27.

**0 NEW DAYS—10 DAYS NON-EXCLUDED: 60 REMAIN**

5. *Period of June 28, 2000 to July 31, 2000*

The May 11, 2000 Scheduling Order required the defendant to file motions by June 28, 2000. The Order further directed that, if no motions were filed by that date, the Speedy Trial Act exclusion would terminate as of that date. Thus, if no further exclusion were in place, the Speedy Trial Act time would have started to run on June 29, 2000. However, on June 28, 2000, defendant's attorney, Mr. Mahoney, moved by letter for an extension of time to file pretrial motions. *See* Government Exhibit No. 8. Defense counsel explained in his letter motion that additional time was needed because he was still on trial in another case and had been unable to devote time to preparing the motions in this case. *Id.* On June 30, 2000, Magistrate Judge H. Kenneth Schroeder[23] granted defendant's request and directed that defendant file motions by July 31, 2000.[24] *Id.*

On July 18, 2000, Magistrate Judge Schroeder filed a new scheduling order confirming that defendant was to file pretrial motions by July 31, 2000 and also directing that the government respond to defendant's motions by August 14, 2000, and that oral argument be held on August 23, 2000. *See* Government Exhibit No. 9. The Magistrate Judge also stated in the Order that the time through August 23rd was to be excluded under § 3161(h)(1)(F).

**24.** The time between June 28, 2000 (the date defendant made his motion for an extension of time) and June 30, 2000 (the date the Magistrate Judge decided the motion) is excluded under § 3161(h)(1)(F).

Neither defendant nor his counsel objected to the exclusion of time.

■■■ Defendant argues that, pursuant to the terms of the May 11, 2000 Scheduling Order, his failure to file motions by June 28, 2000 caused the Speedy Trial clock to start to run. This argument, however, ignores the fact that defendant's counsel requested and was granted an extension of time to prepare and file motions. As stated above, such an extension is automatically excluded under § 3161(h)(1). Further, because defendant requested the continuance and the resulting delay did not subvert the ends of justice, defendant is precluded under the exception to the non-waiver rule from now asserting a Speedy Trial Act violation for the period of the continuance. Thus, the period from June 28, 2000 to July 31, 2000 is properly excluded.

**0 NEW DAYS—10 DAYS NON–EXCLUDED: 60 REMAIN**

### 6. *Period of November 18, 2000 to November 27, 2000*

On July 31, 2000, defendant filed pretrial motions to dismiss the indictment, to strike surplusage, for a bill of particulars, for pretrial discovery and to preclude certain evidence. On August 10, 2000, the government moved to strike defendant's memorandum of law or, in the alternative, for an extension of time to respond to defendant's motions. On August 30, 2000, Magistrate Judge Schroeder issued an Order, denying the government's motion to strike defendant's memorandum of law, and granting the government's motion for an extension of time to respond. The government filed its response on September 20, 2000.

On October 18, 2000, the Magistrate Judge held a hearing on defendant's pretrial motions. Pursuant to 18 U.S.C. § 3161(h)(1)(J), the Magistrate Judge had 30 days, or until November 17, 2000, to take the motions under advisement and render a decision. The Magistrate Judge, however, did not render a decision by November 17th. Thus, the Speedy Trial clock began to run on November 18, 2000.

On November 27, 2000, the Magistrate Judge issued an order, *see* Government Exhibit No. 10, granting a 30–day continuance for further consideration of the motions, and excluding the time until December 18, 2000, pursuant to § 3161(h)(8)(A). Defendant does not contest the appropriateness of the November 27th Order.

■■■ Defendant contends that the nine-day period between November 18 and November 27, 2000, is not excluded time. The Court agrees. Accordingly, nine new days of speedy trial time elapsed.

**9 NEW DAYS—19 DAYS NON–EXCLUDED: 51 REMAIN**

### 7. *December 19, 2000*

As set forth above, on November 27, 2000, the Magistrate Judge issued an Order granting another 30–day period to consider defendant's motions. That 30–day period expired on December 18, 2000. However, the Magistrate Judge did not file his Report and Recommendation on the motions until December 20, 2000. Thus, defendant correctly argues that the one-day delay, December 19, 2000, is not excluded time.

**1 NEW DAY—20 DAYS NON–EXCLUDED: 50 REMAIN**

### 8. *Period of December 20, 2000 to February 5, 2001*

As stated above, on December 20, 2000, the Magistrate Judge issued his Report and Recommendation, in which he recommended that defendant's various requests for relief be denied. *See* Item No. 41. The Magistrate Judge also advised defendant that he had ten days from the receipt of the Report and Recommendation to file objections with this Court. *Id.*

On January 11, 2001, defendant's attorney, Mr. Mahoney, filed an affidavit in support of a motion seeking an extension of the time to file objections to the Report and Recommendation. *See* Item No. 42. In his affidavit, Mr. Mahoney acknowledged receiving the Report and Recommendation on December 27, 2000. Thus, the original ten-day period to file objections, excluding holidays and weekends, would have expired on January 11, 2001, the date Mr. Mahoney filed his motion for an extension. *See* Fed.R.Crim.P. 45. On January 12, 2001, this Court granted an extension until February 8, 2001. *See* Government Exhibit No. 11.

On February 5, 2001, the government again moved to revoke defendant's bail and for defendant to be detained pending trial.

■■■ Defendant claims that the ten-day period to file objections to the Magistrate Judge's Report and Recommendation is not properly excluded under the Speedy Trial Act. This claim has no merit.

Although the Second Circuit has not yet addressed this issue, other circuit courts have held that the ten-day period for parties to file objections to a magistrate judge's report and recommendation is excluded under the Speedy Trial Act. *See, e.g., United States v. Jenkins,* 92 F.3d 430, 439 (6th Cir.1996), *cert. denied,* 520 U.S. 1170, 117 S.Ct. 1436, 137 L.Ed.2d 543 (1997); *United States v. Long,* 900 F.2d 1270, 1275 (8th Cir.1990). In *Long,* the Eighth Circuit held that:

> The issuance of the report and recommendation began a new excludable period under section 3161(h)(1)(F). The magistrate is required to file the report and recommendation with the district court, and the parties must file their objections to it within 10 days. The district court is required to rule on any objections. The filing of the report and

recommendation, therefore, in essence serves to re-file the motions, together with the magistrate's study of them, with the district court. Under section 3161(h)(1)(F), this filing tolls the 70–day count until the district court holds a hearing or has all the submissions it needs to rule on the motions.

*Long,* 900 F.2d at 1275 (citation and footnote excluded).

Based on these cases, the Court finds that the ten-day period for filing objections to the Magistrate Judge's Report and Recommendation is automatically excluded under § 3161(h)(1)(F).

Defendant also argues that the time between January 12, 2001 (the date the Court granted defendant's motion for an extension of time to file objections to the Report and Recommendation) and February 5, 2001 (the date the government filed its new motion to revoke bail) is not properly excluded time. According to defendant, such time could only be properly excluded under § 3161(h)(8) after an ends-of-justice finding by the Court, which did not occur here. This argument is without merit. As stated above, the filing of the Report and Recommendation, in essence, serves to re-file the motions, together with the Magistrate Judge's study of them, with this Court. Under § 3161(h)(1)(F), this filing tolls the Speedy Trial clock until this Court holds a hearing or has all the submissions it needs to rule on the motions. Thus, the time between January 12, 2001 and February 5, 2001 is excluded under § 3161(h)(1)(F).

**0 NEW DAYS—20 DAYS NON-EXCLUDED: 50 REMAIN**

**9. *Period of September 29, 2001 to October 16, 2001***

As stated above, on February 5, 2001, the government filed a motion to revoke defendant's bail. This motion resulted in lengthy hearings and substantial submis-

sions by the parties. The last submission regarding this motion was filed on August 28, 2001 and Magistrate Judge Schroeder deemed the matter submitted for decision as of that date. All the time between February 5, 2001 and August 28, 2001 is properly excluded under § 3161(h)(1)(F).[25]

Pursuant to § 3161(h)(1)(J), the Magistrate Judge had 30 days of excluded time to consider the government's bail revocation motion and render a decision. The 30-day period expired September 28, 2001, but the Magistrate Judge did not issue a decision until October 12, 2001. The parties then appeared before the Magistrate Judge on October 16, 2001, at which time defendant's counsel, Mr. Mahoney, made an *ex parte* application to withdraw from the case.

Without any other exclusion, the period between September 29, 2001 and October 16, 2001 would not be excluded time under the Speedy Trial Act. However, previously, on May 22, 2001, the government filed a motion seeking discovery from the defendant and an order of preclusion of any evidence defendant improperly failed to turn over to the government. Defendant never filed a response to this motion. On October 16, 2001, the Magistrate Judge began to hear argument on the government's motion, but after a brief discussion, the proceeding shifted to Mr. Mahoney's application to withdraw and the government's discovery motion was held in abeyance.[26] *See* Government Exhibit No. 12. The government renewed its motion for discovery on June 25, 2002, in response to new pretrial motions filed by the defendant.[27] *See* Item No. 148. The government's discovery motion remained pending until July 16, 2002, when this Court heard the motion and resolved it by directing the defendant to provide all discovery to the government by September 6, 2002.[28]

**25.** In his supplemental reply memorandum filed on August 14, 2003, defendant alleges, for the first time, that the government's bail revocation motion was based on false affidavits and that the sole purpose of the bail revocation motion was to cause the trial to be delayed (although he does not allege that the delay caused by the revocation motion should be counted against the Speedy Trial clock). Defendant fails, however, to present any evidence that the government was trying to delay the trial in this case. To the contrary, the record shows that the government has consistently tried to bring this case to trial. In fact, on June 8, 2001, during the pendency of the bail revocation motion, the government filed a motion with this Court seeking a trial date. On June 11, 2001, defendant filed a memorandum opposing the government's motion. On June 12, 2001, in light of the defendant's opposition, the Court denied the government's request to schedule a trial date.

**26.** Defendant points out that the docket entry for October 16, 2001 reflects that a hearing was held on the government's discovery motion on that date. The transcript of the October 16th proceeding, however, reflects that the hearing was not completed because Mr.

Mahoney pressed his request to withdraw as counsel instead.

**27.** During the period October 16, 2001 to June 25, 2002, the government's discovery motion was held in abeyance pending resolution of the issue of defendant's legal representation and to allow new counsel time to develop a defense. More specifically, during that time, the Magistrate Judge granted Mr. Mahoney's motion to withdraw as defense counsel, defendant appealed the Magistrate Judge's decision to this Court, this Court affirmed the Magistrate Judge, defendant appealed that determination to the Second Circuit Court of Appeals, the Second Circuit dismissed the appeal, this Court assigned new counsel to represent defendant and gave new counsel two months to prepare a defense, the government moved again to revoke defendant's bail, *see* Item No. 129, new counsel filed additional pretrial motions, *see* Item No. 146, and the government renewed its motion for discovery in response to those motions.

**28.** In reviewing the record in this case, the Court discovered that the minute entry for the July 16, 2002 proceeding was inadvertently omitted from the docket sheet. The Court has

Although not clearly stated, defendant appears to argue that the government's discovery motion was pending for an unreasonably long period of time and that his failure to respond to the motion automatically resulted in the motion being deemed submitted for decision, thereby starting the 30–day advisement period under § 3161(h)(1)(J). The Court finds this argument without merit.

 Although the government's discovery motion was pending for a lengthy period of time (May 22, 2001 to July 16, 2002), the entire period between the filing of the motion and the conclusion of the hearing on the motion is excluded under § 3161(h)(1)(F). In *Henderson,* 476 U.S. at 326–27, 106 S.Ct. 1871, the Supreme Court rejected a defendant's argument that an exclusion under § 3161(h)(1)(F) only encompasses "reasonable" delays in hearing the motion. The Court held that "[t]he plain terms of the statute appear to exclude all time between the filing of and the hearing on the motion whether that hearing was prompt or not." *Id.* at 326, 106 S.Ct. 1871. Thus, under § 3161(h)(1)(F) and *Henderson,* the government's motion for discovery tolled the Speedy Trial clock from May 22, 2001, the day the motion was filed, until July 16, 2002, the day the hearing on the motion was held.[29]

Defendant could have responded or conceded to the government's motion for discovery at an earlier date, but failed to do so. A defendant may not claim a Speedy Trial Act violation caused by his own failure to respond to a government motion. *See Bufalino,* 683 F.2d at 646 ("It seems to us that [the defendant], when faced with a government motion, had a duty to do more than stand by without taking a position and then reap the benefit of inaction by having the indictment dismissed on speedy trial grounds.").

In sum, the Court finds that the entire period from May 22, 2001 through July 16, 2002, including the period between September 29, 2001 and October 16, 2001, is properly excluded under § 3161(h)(1)(F).

**0 NEW DAYS—20 DAYS NON-EXCLUDED: 50 REMAIN**

**10.** ***Period of October 24, 2001 to November 1, 2001***

On October 24, 2001, Magistrate Judge Schroeder issued an order granting Mr. Mahoney's motion to withdraw as counsel and directing the parties to appear on November 1, 2001, for a status conference for purposes of addressing the issue of defendant's legal representation. *See* Item No. 108. On November 1, 2001, defendant filed with this Court a notice of appeal of the Magistrate Judge's decision relieving Mr. Mahoney. On December 6, 2001, the parties appeared before this Court for a status conference. At that time, the Court appointed the Federal Public Defender's Office (the "Public Defender") to represent defendant solely for the purpose of the appeal of the Magistrate Judge's decision relieving Mr. Mahoney.

---

reviewed the minutes of the proceeding and shall order the Clerk of Court to enter them on the docket sheet.

**29.** The fact that the motion was filed by the government as opposed to the defendant is of no consequence. The Speedy Trial Act exclusion under § 3161(h)(1)(F) applies to motions filed by the government as well as motions filed by the defendant. *See United States v.* *Beck,* 729 F.2d 1329, 1331 (11th Cir.), *cert. denied,* 469 U.S. 981, 105 S.Ct. 383, 83 L.Ed.2d 318 (1984); *United States v. Johnpoll,* 739 F.2d 702, 713 (2nd Cir.), *cert. denied,* 469 U.S. 1075, 105 S.Ct. 571, 83 L.Ed.2d 511 (1984); *Bufalino,* 683 F.2d at 646; *United States v. Mikulec,* 1989 WL 56240 at *3 n. 10 (W.D.N.Y. May 22, 1989), *aff'd,* 927 F.2d 593 (2d Cir.1991).

Defendant claims that the period between the Magistrate Judge's October 24, 2001 Order relieving Mr. Mahoney and the filing of his notice of appeal on November 1, 2001, is not excluded time under the Speedy Trial Act. The Court finds this claim unavailing for two reasons.

█ First, as discussed above, the period October 24, 2001 to November 1, 2001 was excluded under § 3161(h)(1)(F) because the government's discovery motion was pending. Second, the Second Circuit has held that the entire period between the time a motion for substitution or withdrawal of counsel is made and granted, and the time that new counsel is actually substituted is properly excluded under § 3161(h)(1)(F). *See United States v. Hammad,* 902 F.2d 1062, 1064 (2d Cir.) (holding that defense counsel's motion to withdraw was disposed of when new counsel was substituted and therefore exclusion of the entire time was appropriate under § 3161(h)(1)(F)), *cert. denied,* 498 U.S. 871, 111 S.Ct. 192, 112 L.Ed.2d 154 (1990). Here, because defendant appealed the Magistrate Judge's Order relieving Mr. Mahoney, the substitution of new counsel to represent defendant was delayed until disposition of the appeal (the Public Defender was only assigned to represent defendant on the appeal itself). Thus, under *Hammad,* the motion to withdraw was still pending as of November 1, 2001, because new counsel had not yet been substituted. Accordingly, the time from October 24, 2001 to November 1, 2001 is properly excluded.

## 0 NEW DAYS—20 DAYS NON-EXCLUDED: 50 REMAIN

### 11. *Period of February 13, 2002 to February 20, 2002*

On January 25, 2002, this Court heard, *ex parte,* defendant's argument concerning his appeal of the Magistrate Judge's October 24, 2001 Order relieving Mr. Mahoney. On February 13, 2002, the Court issued an Order affirming the Magistrate Judge.[30] *See* Item No. 122. In that same Order, the Court also appointed the Public Defender as defendant's counsel for the remainder of the case and directed the parties to appear on February 20, 2002, for a status conference. *Id.*

At the February 20th status conference, the Public Defender requested a two-month adjournment to review the file and prepare a defense. The Court granted the requested adjournment, scheduled a further status conference for April 22, 2002, and issued an order excluding the time from February 20, 2002 to April 22, 2002, pursuant to § 3161(h)(8)(A). Defendant does not dispute this exclusion.

On February 25, 2002, defendant filed with the Second Circuit Court of Appeals a notice of appeal of this Court's February 13, 2002 Order affirming the Magistrate Judge's decision relieving Mr. Mahoney. On March 29, 2002, the Second Circuit dismissed defendant's appeal *sua sponte* for lack of appellate jurisdiction.

Defendant argues that the time between the Court's February 13th Order and the February 20th status conference is not properly excluded time. Again, defendant's argument is without merit.

First, as discussed above, the period of time at issue was excluded under § 3161(h)(1)(F) because the government's discovery motion was pending. Second, as

---

**30.** Defendant does not dispute that the time between November 1, 2001 (the date of the filing of his notice of appeal of the Magistrate's Judge's October 24, 2001 decision relieving Mr. Mahoney) and February 13, 2002 (the date of this Court's decision affirming the Magistrate Judge's decision) is properly excluded.

also discussed above, the entire period between the time a motion for substitution or withdrawal of counsel is made and granted, and the time that new counsel is actually substituted is excluded under § 3161(h)(1)(F). Here, although the Court, in its February 13th Order, assigned the Public Defender to represent defendant for the remainder of the case, the Public Defender did not appear in that role until the February 20th status conference. Thus, the period between February 13th and February 20th is excluded. *See United States v. Mohr*, 26 Fed.Appx. 604, 605, 2001 WL 1346009 (9th Cir.2001) (two days during which defendant's motion for appointment of new counsel was pending and following five days before new counsel made his appearance were excluded under § 3161(h)(1)(F)). Third, because defendant subsequently appealed the Court's February 13th Order affirming Mr. Mahoney's withdrawal, the motion to withdraw was not finally disposed of until the Second Circuit dismissed defendant's appeal on March 29, 2002. Accordingly, the time between the Court's February 13th Order and the February 20th status conference is properly excluded.

### 0 NEW DAYS—20 DAYS NON-EXCLUDED: 50 REMAIN

### 12. *Period of February 7, 2003 to February 20, 2003*

On November 20, 2002, the Public Defender moved to withdraw as defendant's counsel based on a possible conflict of interest.[31] On November 27, 2002, the Court denied the motion from the bench. That same day, November 27th, defendant filed a notice of appeal with the Second Circuit Court of Appeals regarding the Court's denial of the motion.

On December 20, 2002, the Second Circuit granted defendant's request for a stay of this Court's proceedings (the trial was scheduled to commence on January 7, 2003)[32], pending resolution of defendant's appeal. On February 5, 2003, the Second Circuit issued an Order, vacating this Court's denial of the Public Defender's motion to be relieved as counsel and directing the Court to grant the motion and appoint new counsel for defendant. The Second Circuit's Order also stated that an opinion would follow. At a status conference on February 20, 2003, the Court appointed John Molloy, Esq., to represent the defendant. On June 3, 2003, the Second Circuit issued its opinion, *United States v. Oberoi*, 331 F.3d 44 (2d Cir.2003). After setting forth its reasoning for allowing the Public Defender to withdraw, the Second Circuit vacated its stay of the proceedings in this Court.

Defendant argues that the period between his receipt of the Second Circuit's Order relieving the Public Defender (February 7, 2003) and the status conference held on February 20, 2003, where Mr. Molloy first appeared as defendant's counsel, is not properly excluded time for Speedy Trial Act purposes. This argument is without merit.

First, the period is excluded under 18 U.S.C. § 3161(h)(1)(E), as a delay resulting from an interlocutory appeal. The Second Circuit stayed all proceedings in this Court on December 20, 2002 and did not vacate that stay until June 3, 2003. Second, as discussed above, the entire period between the time a motion for substitution or withdrawal of counsel is made and granted, and the time that new counsel is actually substituted is excluded un-

---

**31.** Defendant does not dispute that the time between February 20, 2002 and November 20, 2002 is properly excluded time under the Speedy Trial Act.

**32.** Trial had been previously scheduled for October 1, 2002, but was adjourned pursuant to a request by the defendant. *See* Item No. 155.

der § 3161(h)(1)(F). Here, Mr. Molloy was not substituted as counsel until February 20, 2003. Thus, the period between February 7, 2003 and February 20, 2003 is properly excluded.

> **0 NEW DAYS—20 DAYS NON-EXCLUDED: 50 REMAIN** [33]

### C. *Pre–Indictment Delay*

Defendant also contends that the Indictment in this case must be dismissed because it was not filed within 30 days of his arrest as required by the Speedy Trial Act. The Court finds this contention without merit.

The Speedy Trial Act requires that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within 30 days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). If the government fails to comply with this time limit, the Act requires the dismissal of charges in the complaint, with or without prejudice. 18 U.S.C. § 3162(a)(1) ("If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped.").

As stated above, on October 14, 1999, a criminal complaint was filed against the defendant charging him with violations of 18 U.S.C. § 1341 (mail fraud) and § 1347 (health care fraud). Defendant was arrested and first appeared in this Court on October 18, 1999. At that time, a preliminary hearing was scheduled for November 3, 1999, which was later rescheduled for November 5, 1999.

On November 5th, the parties reported that they were engaged in pre-indictment discovery and jointly requested a 30–day adjournment of the preliminary hearing, which Magistrate Judge Heckman granted. *See* Item No. 304. The preliminary hearing was rescheduled for December 1, 1999.

On December 1st, the parties again appeared for the scheduled preliminary hearing. At that time, however, the government handed up an affidavit stating that the government had informed defendant's attorney that it was prepared to ask the grand jury to return an indictment prior to December 1, 1999, but that defense counsel requested that the government refrain from seeking an indictment to allow more time for pre-indictment discovery and plea negotiations. *See* Item Nos. 3 and 305. The parties jointly requested a two-week adjournment of the preliminary hearing. The affidavit noted that such an adjournment would be in the best interests of both the defendant and the public, because it would give the defendant time to assess the government's case and consider his options and because a pre-indictment plea resolution would save the public the costs associated with post-indictment proceedings and a trial. Magistrate Judge Heckman granted the adjournment and excluded the time "in the interest of justice." Defendant's attorney expressly stated that he did not object to the exclusion of time.

---

**33.** The Court notes that the Speedy Trial Order entered on June 19, 2003, indicates that there are 54 days remaining under the Speedy Trial Act. This Order was prepared by the government. The Court notes that there is a discrepancy between the June 19th Order (54 day remaining), the calculations provided by the government in opposition to defendant's motion to dismiss (55 days remaining), and the Court's calculations herein (50 days remaining). Nevertheless, the Court need not resolve this discrepancy at this point. If the discrepancy becomes pertinent in the future, the Court will address it then.

The preliminary hearing was rescheduled for December 15, 1999.

On December 16, 1999, 58 days after defendant was initially arrested, the grand jury returned an Indictment charging him with violations of 18 U.S.C. § 1341 (mail fraud) and § 1035(a)(2) (making false statements in connection with health care benefits).

■ Defendant argues that, because the Indictment was not filed within 30 days of his arrest, the government violated § 3161(b) and the Indictment must be dismissed pursuant to § 3162(a)(1). Defendant's argument ignores the fact, however, that it was he, through his counsel, who twice requested that the filing of the indictment be delayed so that he could conduct pre-indictment discovery and discuss with the government a possible plea disposition. Because defendant requested the continuances, and the resulting delay did not subvert the ends of justice, defendant is precluded under the exception to the non-waiver rule from now asserting a Speedy Trial Act violation for the period of the continuances. *See Gambino,* 59 F.3d at 360–61; *Pringle,* 751 F.2d at 434.

### CONCLUSION

For the reasons stated, the Court finds that there are 20 days of non-excluded time under the Speedy Trial Act, with 50 days of time remaining. The Court further finds that there was no violation of the Speedy Trial Act based on pre-indictment delay. Thus, the Court denies defendant's motion to dismiss the Indictment under the Speedy Trial Act. The Court hereby orders the Clerk of Court to enter the minutes of the proceedings held on July 16, 2002 on the docket sheet. Jury selection shall be held on January 6, 2004 at 9:30 a.m. Trial shall commence on January 21, 2004 at 10:00 a.m. Finally, the Court orders the Clerk of Court not to accept for filing any motion for reconsideration of this Decision and Order. Defendant's time would be better spent preparing for trial rather than preparing motions for reconsideration.

IT IS SO ORDERED.